UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ROBERT C. MILLS, | ) |
| Plaintiff, | ) |
| v. | ) 3:12-cv-64-RLY-WGH |
| COMMUNITY ACTION PROGRAM OF EVANSVILLE AND VANDERBURGH COUNTY, ALICE WEATHERS, individually and in her representative capacity, DONNA NEWMAN, individually and in her representative capacity, JANET JOHNSON, individually and in her representative capacity, | ) |
| Defendants. | ) |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY

This matter came before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Motion to Compel Responses to Discovery filed by the Plaintiff, Robert C. Mills, on January 22, 2013. (Docket No. 72). Defendants filed their responsive brief on February 22, 2013 (Docket No. 95). Plaintiff filed a reply brief on March 11, 2013 (Docket No. 102), and Defendants filed a surreply on March 25, 2013 (Docket No. 110).

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the Plaintiff's Motion to Compel Responses to Recovery, as follows:

**Interrogatories Directed to Ms. Weathers:**

    1.  The motion is granted, in part, as to Interrogatory No.1, as modified, in that Ms. Weathers shall describe any instances in which she filed a report, EEOC charge, or other formal request for assistance because she was herself a victim of gender discrimination.  In all other respects the motion to compel an answer to Interrogatory No. 1 is denied.

    2.  The motion is granted, in part, as to Interrogatory No. 6 in that Ms. Weathers should identify any charges, investigations, complaints, outcomes, and settlements of instances alleging discrimination due to gender during the time period of three years prior to the Plaintiff's hire date.  In all other respects the motion to compel an answer to Interrogatory No. 6 is denied.

    3.  The motion is granted, in part, as to Interrogatory No. 7 with respect to Ms. Weathers's recollection of all communications with Donna Newman or other CAPE board members regarding the possibility of dismissing the Plaintiff for a period of two years prior to his termination.

    4.  The motion is denied as to all other interrogatories.  Interrogatory No. 2 is denied as not relevant.  Interrogatory No. 8 is denied at this time but may be resubmitted if a determination is made that Ms. Weathers remains a defendant in her individual capacity.  Interrogatory Nos. 5, 10, and 11 are adequately answered.  In the event Ms. Weathers remains a defendant in this case, she will be directed to supplement these answers at the completion of discovery.

**Interrogatories Directed to Janet Johnson:**

5. The motion is granted, in part, as to Interrogatory No.1, as modified, in that Ms. Johnson shall describe any instances in which she filed a report, EEOC charge, or other formal request for assistance because she was herself a victim of gender discrimination. In all other respects the motion to compel an answer to Interrogatory No. 1 is denied.

6. The motion is granted, in part, as to Interrogatory No. 6 in that Ms. Johnson should identify, to the best of her knowledge, any charges, investigations, complaints, outcomes, and settlements of instances alleging discrimination due to gender during the time period of three years prior to Plaintiff's hire date. In all other respects the motion to compel an answer to Interrogatory No. 6 is denied.

7. The motion is granted as to Interrogatory No. 7 with respect to Ms. Johnson's recollection of all communications with Donna Newman or other CAPE board members regarding the possibility of dismissing the Plaintiff for a period of two years prior to his termination.

8. The motion is denied as to all other interrogatories. Interrogatory No. 2 is denied as not relevant. Interrogatory No. 8 is denied at this time but may be resubmitted if a determination is made that Ms. Johnson remains a defendant in her individual capacity. Interrogatory Nos. 5, 10, and 11 are adequately answered. In the event Ms. Johnson remains a defendant in this case, she will be directed to supplement these answers at the completion of discovery.

**Second Amended Discovery Demand:**

9. As to Request No. 2, the motion is denied at this time. However, Defendants shall provide those items to Plaintiff for inspection at the time of filing the final witness and exhibit lists required by the Case Management Plan.

10. As to Request No. 3, the motion is denied. (See court's prior order with respect to the Motion to Compel Release of All Emails Identified in Defendant's Privilege Log to Plaintiff entered this date. (Docket No. 117)).

11. As to Request Nos. 4 and 6, the objections are sustained, and the motion is denied.

12. As to Requests Nos. 5 and 7 through 37 (omitting certain deleted requests), the motion is granted in that, to the extent the items are maintained in a searchable format, Defendants shall produce to Plaintiff all documents for the period of time of August 2008 through the date of the filing of this lawsuit in a searchable format and not merely through paper copies. To the extent that costs of providing a copy of this data exceeds $500, Plaintiff shall be responsible for the excess costs of production.

13. As to Request No. 44, the motion is denied for any period beyond that which Defendants have agreed to produce.

14. As to Request No. 45, the motion is granted, in part, to the extent that Defendants shall produce to Plaintiff a report of Head Start personnel who were similarly situated to the Plaintiff by way of approximate job title, and who were supervised by Ms. Newman and/or Ms. Weathers for the time period of

September 1, 2007, to December 31, 2011.  The report should provide for the gender and reason for departure, date of departure, and date of rehire, if any.  In all other respects the motion is denied with respect to Request No. 45.

15.  As to Request No. 46, the motion is granted.  This information shall be kept subject to a protective order that Plaintiff not disclose this information to any other person and return all documents to the Defendants at the conclusion of the litigation.

16.  As to Request Nos. 47, 48, and 49, the objections are sustained, and the motion is denied.

17.  As to Request No. 50, the motion is granted, in part.  Minutes of all Personnel Committee meetings for the period of September 1, 2007, to the date of the Plaintiff's termination shall be produced.  These may be provided in an electronic version or by paper copies.

18.  As to Request Nos. 51, 52, 54, 55, 56, 57, 59, 62, 65, 66, 67, 68, 71, and 80, the motion is denied, except as Defendants have agreed to provide that information.

19.  As to Request No. 53, the motion is granted only to the extent that Defendants shall provide any documents which exist establishing the dates, times, and topics covered for training provided regarding sex discrimination laws for the period from September 1, 2007, to the date of the Plaintiff's termination.

20.  As to Request Nos. 60, 61, and 63, the motion is denied, as the requests are irrelevant.

21.  As to Request Nos. 64, 69, 70, 79, and 82, the motion is denied as the requests are over broad, vague, and not relevant.

22.  As to Request No. 75, the motion is denied, as the answer is adequate.

23.  As to Request No. 81, the motion is granted, in part.  Defendants shall provide copies of any claims submitted to any insurance companies regarding accusations of gender discrimination for the period of 2007 through the date of the Plaintiff's termination.

Defendants shall produce the items required herein by not later than thirty (30) days from the date of this order.

**SO ORDERED.**

Dated:  April 19, 2013

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**

**Served via first-class U.S. Mail:**

ROBERT C. MILLS
2934 Cottage Drive
Evansville, IN  47711